UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ILANIT NAKACH,                                                               Civil Action No.: 1:14-cv-04820

       Plaintiff,

  -against-                                                            **AMENDED COMPLAINT**

KORSINSKY & KLEIN, LLP,                                            **DEMAND FOR JURY TRIAL**

       Defendant.
-------------------------------------------------------------------X

  Plaintiff, ILANIT NAKACH ("Plaintiff"), by and through her attorneys, The Law Office of Alan J. Sasson, P.C., as and for her Amended Complaint against the Defendant, KORSINSKY & KLEIN, LLP (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

  1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act.

## PARTIES

  2. Plaintiff ILANIT NAKACH is a resident of the State of New York, County of Kings.

  3. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

  4. Defendant KORSINSKY & KLEIN, LLP is a New York law firm duly organized and existing under the laws of the State of New York with its principal place of business located at 2926 Avenue L, Brooklyn, NY 11210.

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff sometime in April, 2014.

10. Upon information and belief, and as better known to the Defendant, the Defendant placed a Collection Call to the Plaintiff on or about August 7, 2014.

11. On or about August 7, 2014, Defendant's representative left a voicemail on the Plaintiff's answering machine, which stated: "This message is for Ms. Nakach. This is Sherry giving you a call back from the Law Offices of Korsinsky & Klein. I am trying to speak with you after you discuss this matter with your husband. Can you please contact me at 212-363-7800 extension 106. Thank you."

12. In the subject voicemail, Defendant failed to disclose that the communication was from a debt collector, as required by 15 USC § 1692e(11).

13. A Complaint was filed in the instant action on or about August 14, 2014. *See* Docket 1.

14. On or about August 25, 2014 the Defendant served a Summons from a New York Beit Din (Hazmanah) to each of the Plaintiff's attorneys, as well as directly on the individual Plaintiff.

**FIRST CAUSE OF ACTION**

*Failure To Include Disclosures Required By The FDCPA*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

16. 15 U.S.C. § 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…."

17. Defendant placed a collection voicemail to the Plaintiff which omitted the disclosures required by 15 U.S.C. § 1692e(11).

18. Defendant accordingly violated 15 U.S.C. § 1692e(11) in omitting disclosures required by that provision.

## SECOND CAUSE OF ACTION

### *Communication With Debtor Represented By Counsel*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. 15 USC § 1692b(6) provides that

"after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector."

21. 15 USC § 1692c(2) provides that a debt collector may not communicate with a consumer:

"if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

22. At the time the Defendant served the Beit Din Summons on the individual Plaintiff, the Defendant was aware that the Plaintiff was represented by counsel, as evinced by the service of the three Beit Din Summons' on the same day.

23. Defendant nevertheless communicated directly with the Plaintiff by directing a Beit Din Summons to be served upon her personally, thereby violating 15 USC § 1692(b)(6) and c(2).

## DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
              August 26, 2014

              Respectfully submitted,

              By:  /s/ Yitzchak Zelman_____
              Yitzchak Zelman, Esq. (YZ5857)
              Law Office of Alan J. Sasson, P.C.
              1669 East 12th Street
              Brooklyn, New York 11229
              Phone:    (718) 339-0856
              Facsimile: (347) 244-7178
              *Attorney for the Plaintiff*
              *Ilanit Nakach*